IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIFFANY CARNER,                          )        CASE NO. 1:20CV1060
                                         )
                    Plaintiff,           )
                                         )
        v.                               )
                                         )        MAGISTRATE JUDGE
                                         )        KATHLEEN B. BURKE
COMMISSIONER OF SOCIAL                    )
SECURITY ADMINISTRATION,                  )
                                         )        **MEMORANDUM OPINION & ORDER**
                    Defendant.           )

Plaintiff Tiffany Carner ("Carner") seeks judicial review of the final decision of

Defendant Commissioner of Social Security ("Commissioner") denying her application for

disability insurance benefits ("DIB") and supplemental security income ("SSI").  Doc. 1.  This

Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned

Magistrate Judge pursuant to the consent of the parties.  Doc. 15.

 For the reasons explained below, the Commissioner's decision is **AFFIRMED.**

### I. Procedural History

Carner filed applications for DIB and SSI in May 2016, alleging a disability onset date of

February 9, 2016.  Tr. 24.  She alleged disability based on the following: diabetes, skin disorder,

heart problems, depression, and COPD.  Tr. 341.  After denials by the state agency initially and

on reconsideration, Carner requested an administrative hearing.  Tr. 221.

An Administrative Law Judge ("ALJ") held a hearing on April 13, 2018.  Tr. 60-97.  At

the conclusion of the evidence, Carner's attorney stated, "Your honor, there's a lot of evidence

here, and I would certainly implore you, if you're going to issue an unfavorable, to first obtain

interrogatories from a medical expert" on the issue of whether Carner equaled Listing 8.06,

Hidradenitis suppurativa.[1]  Tr. 96.  The ALJ replied that he would take that request under advisement.  Tr. 96.

Thereafter, the ALJ asked Dr. Matlock for her opinions about Carner's impairments, including whether Carner met or equaled a listed impairment.  Tr. 976, 985.  On May 17, 2018, the ALJ provided Dr. Matlock's opinion to Carner and, in a letter to her attorney, advised that she may "submit written questions to be sent to [Dr. Matlock]."  Tr. 422.  The ALJ also informed Carner that she could request a supplemental hearing and to question witnesses, including Dr. Matlock.  Tr. 422.  The ALJ explained that he would "grant a request to question a witness if I determine that questioning the witness is needed to inquire fully into the issues."  Tr. 422.  If a witness declined to appear, the ALJ remarked, he would "consider whether to issue a subpoena to require his or her appearance."  Tr. 422.  The ALJ further explained,

> You may request that I issue a subpoena to require the attendance of witnesses or the submission of records.  You must submit a subpoena request, in writing, no later than 10 days before the date of any supplemental hearing….I will issue a subpoena if reasonably necessary for the full presentation of the case.

Tr. 423.

On May 30, 2018, Carner responded.  Tr. 425.  She did not request the ALJ issue a subpoena, nor did she ask to send her own written interrogatories despite the ALJ having informed her that she could do both of those things.  Rather, she argued that Dr. Matlock's opinions were "entitled to no weight" and objected to Dr. Matlock's report due to her lack of stated qualifications.  Tr. 425.  Carner requested a supplemental hearing "for purposes of questioning [Dr. Matlock] regarding h[er] qualifications and Listing 8.06."  Tr. 426.

On June 6, 2018, Carner acknowledged having been notified that Dr. Matlock was

---

[1] Hidradenitis suppurativa "is a chronic skin disease which causes painful, boil-like lumps that form under the skin and often secrete pus and blood.  HS occurs most often in areas where skin rubs together, such as the armpits, groin, and under the breasts."  See U.S. Dep't of Health & Human Servs., Nat'l Insts. of Health, *Genetic & Rare Diseases Info. Ctr.*, (Dec. 17, 2018), *available at*: https://rarediseases.info.nih.gov/diseases/6658/hidradenitis-supprativa.

unavailable to testify.  Tr. 427.  She asked the ALJ to hold a supplemental hearing with a different medical expert and to "strike" Dr. Matlock's opinion "from the record."  Tr. 427.  She did not ask the ALJ to subpoena Dr. Matlock and she did not ask permission to send written interrogatories to Dr. Matlock.

On June 29, 2018, the ALJ informed Carner that her supplemental hearing was scheduled for October 23, 2018.  Tr. 253.  The ALJ stated that a vocational expert would testify at the hearing and advised Carner that she had a right to request a subpoena "that requires a person to submit documents or testify at your hearing."  Tr. 256.  The ALJ explained that Carner must request a subpoena, in writing, at least 10 days before the hearing.  Tr. 256.

Carner did not request that the ALJ subpoena Dr. Matlock.

On October 23, 2018, the ALJ held a supplemental hearing.  Tr. 45-59.  At the hearing, Carner's attorney objected to Dr. Matlock's opinions, complaining that, because Dr. Matlock was not present at the hearing, she was not subject to cross-examination.  Tr. 49-52.  At no time did Carner's attorney ask the ALJ to subpoena Dr. Matlock or ask permission to send written interrogatories to Dr. Matlock.

On March 28, 2019, the ALJ issued a decision in which he found that Carner was not disabled.  Tr. 38.  As relevant here, the ALJ found that Carner's impairments did not meet or medically equal a listed impairment, including Listing 8.06.  Tr. 27-28.  In doing so, the ALJ relied, in part, on Dr. Matlock's opinion.  Tr. 27.  The ALJ also overruled Carner's objections to Dr. Matlock's opinions.  Tr. 24-25.

Carner requested review by the Appeals Council, and, on April 6, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  Tr. 1-3.

Carner argues that she is entitled to a Sentence Four remand because the ALJ erred when he relied upon Dr. Matlock's opinion without making Dr. Matlock "available for further questioning."  Doc. 14, p. 1.

## II. Law & Analysis

Two separate sentences within 42 U.S.C.A. § 405(g) authorize remands to the Commissioner.  *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). The district court may order a "sentence four" remand "after reviewing the Commissioner's decision and entering a judgment, if it determines that a rehearing before the Commissioner is warranted in light of the court's ruling."  *Id*.  Or the district court may order a prejudgment "sentence six" remand, whereby the administrative record is reopened so that the Commissioner may consider "new and material evidence that for good cause was not previously presented to" the Commissioner.  *Id*.

Carner requests a sentence four remand, arguing that the ALJ failed to provide her with a full and fair hearing.  Doc. 16, pp. 7, 16.

An ALJ has a duty to provide a claimant a full and fair hearing.  *Lashley v. Sec. of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).  "Under special circumstances—when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures—an ALJ has a special, heightened duty to develop the record."  *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. App'x 456, 459 (6th Cir. 2008) (citing *Lashley*, 708 F.2d at 1051–1052).  There is no bright line test; instead, a court decides the issue on a case by case basis.  *Lashley*, 708 F.2d at 1052.

Here, Carner had counsel throughout the pendency of this case.  Therefore, the ALJ did not have a special, heightened duty to develop the record.  *See Wilson*, 280 Fed.Appx. at 459.

Carner argues that she did not receive a full and fair hearing, entitling her to a remand, because:

> the ALJ granted a supplemental hearing following the procurement of medical expert (ME) interrogatories; however, despite repeated objections the ALJ failed to grant her an opportunity to cross-examine the ME or submit interrogatories to her. Despite this, the ALJ assigned "substantial weight" to the opinion of the ME, relying upon it to deny Plaintiff's claim.

Doc. 16, p. 7.

Carner is not entitled to a remand because she has not demonstrated that the ALJ failed to provide her a full and fair hearing. *Lashley*, 708 F.2d at 1052.  First, as detailed above, the ALJ gave Carner the opportunity to submit interrogatories to Dr. Matlock but Carner did not take the ALJ up on that offer.  Next, the ALJ gave Carner the opportunity to request that Dr. Matlock be subpoenaed, but Carner did not take the ALJ up on that offer either.  Thus, Carner's claim that the ALJ failed to provide her with an opportunity to cross examine Dr. Matlock or submit interrogatories to her is belied by the record.  Accordingly, the ALJ's inclusion of Dr. Matlock's opinion in the record and his reliance upon it does not violate Carner's constitutional and statutory rights to confront evidence against her, as she alleges (Doc. 16, p. 16).

Finally, Carner's substantive challenges to Dr. Matlock's opinion (Doc. 16, pp. 11-16) are not relevant to the issue raised here by Carner, which is limited to whether the ALJ failed to provide her with a full and fair hearing.  The ALJ did not fail to provide her a full and fair hearing.  Accordingly, Carner is not entitled to a sentence four remand.

### III. Conclusion

For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**


IT IS SO ORDERED.

Dated: May 18, 2021

/s/Kathleen B. Burke
_____
Kathleen B. Burke
United States Magistrate Judge